UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| INDIANA MATERIALS | ) |
| PROCESSING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-MC-8 |
| | ) |
| TIRE WASTE TRANSPORT, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Non-Party Objection and Motion to Quash Subpoena filed by Indiana Materials Processing, LLC ("IMP") on February 25, 2015, asking that the Court quash a subpoena served by Tire Waste Transport, LLC, seeking the production of certain documents and an inspection of IMP's premises.[1] (DE # 1.) The subpoena stems from Tire Waste's breach of contract action against OmniSource Corporation filed on March 11, 2014, in the Northern District of Ohio, No. 3:14-cv-538.

On March 24, 2015, Tire Waste filed a response in opposition to IMP's motion to quash (DE # 15), which IMP then moved to strike on the basis of untimeliness (DE # 17). On March 27, 2015, a hearing was held on the motion to quash and motion to strike, at which oral argument was heard and concluded (DE # 19); both motions are now ripe for ruling (DE # 18, 20, 21).[2] For the following reasons, IMP's motion to quash will be GRANTED and its motion to strike

---

[1] On March 25, 2015, IMP filed a Supplemental Motion to Quash Subpoena seeking to quash a second subpoena served by Tire Waste on March 13, 2015. (DE # 16.) But Tire Waste later withdrew the second subpoena, and IMP's Supplemental Motion has been deemed moot. (DE # 19.)

[2] At the hearing, the Court stated it would later set a deadline for IMP to file a reply brief to its motion to quash, but the Court subsequently concluded that a reply brief was not necessary.

will be deemed MOOT.

## I. THE MOTION TO STRIKE

### *A. Background*

IMP moves to strike Tire Waste's response brief opposing the motion to quash for the reason that it was untimely filed under Local Rule 7-1(d)(2)(A), which makes a response brief due within fourteen days from the filing of the motion. Indeed, IMP filed its motion to quash on February 25, 2015, and thus, Tire Waste's response brief was due on March 14, 2015. *See* Fed. R. Civ. P. 6(d) (adding three days after the period would otherwise expire for certain types of service). Tire Waste, however, did not file its response brief until ten days later on March 24, 2015. Therefore, Tire Waste's response brief was untimely filed.

### *B. Applicable Legal Standard*

Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394).

In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

*C. Discussion*

In an effort to explain its untimeliness, Tire Waste first states that its attorneys took timely steps to obtain *pro hac vice* admission, but Attorney Williamson was not granted *pro hac vice* status until March 18, 2015–four days *after* the deadline for filing its response brief . (*See* DE # 6-10,13, 14.) Tire Waste emphasizes that under Local Rule 83-5(a), an attorney who is not admitted in this Court may not represent a party before this Court–that is, file a brief–until that attorney is granted leave to do so.

But this proffered explanation is not persuasive to show excusable neglect for the untimely filing. Although Attorney Williamson's *pro hac vice* application was not approved until March 18, 2015 (DE # 14),[3] the *pro hac vice* application of Attorney Veprauskas, an attorney from the same firm as Attorney Williamson, was granted on March 11, 2015 (DE # 11)–three days *before* the deadline for Tire Waste's response brief. Thus, regardless of Attorney Williamson's pending *pro hac vice* application, Tire Waste could certainly have met the deadline.

Second, Tire Waste argues that it "did not anticipate that [IMP] would demand strict compliance with L.R. 7-1 . . .." (Am. Resp. 2.) Tire Waste urges that the motion to quash should

---

[3] Attorney Williams submitted his *pro hac vice* application three times. His first two applications were denied for various decencies in the applications (DE # 6-9), but his third application was successful (DE # 13-14).

be determined on its merits and not "minor procedural issues" so as to avoid a result that is inefficient, inequitable, and prejudicial to Tire Waste. (Am. Resp. 3.)

Tire Waste's second argument is no more persuasive than its first. It is within the *Court's* discretion, not IMP's, whether to demand strict compliance with the Local Rules. *See Stanciel v. Gramley*, 267 F.3d 575, 579 (7th Cir. 2001) (articulating that it within the district court's discretion "whether to apply [a local] rule strictly or to overlook any transgression" (citation omitted)). Therefore, "[o]ne who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *Smetzer v. Newton*, No. 1:10-cv-93, 2012 WL 1900118, at *4 (N.D. Ind. May 23, 2012) (quoting *Vakharia, v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002)).

Considering Tire Waste's lackluster attempt to show excusable neglect, the Court certainly has grounds to strike Tire Waste's untimely response brief. *See Stanciel*, 267 F.3d at 579. Nevertheless, at the end of the day, the Court need not reach a decision on IMP's motion to strike because even when considering the response brief, IMP's motion to quash should be GRANTED. Consequently, the Court will deem IMP's motion to strike MOOT.

## II. THE MOTION TO QUASH SUBPOENA

*A. The Underlying Suit*

As background, in the underlying suit filed in March 2014, Tire Waste alleges that OmniSource breached a Non-Disclosure and Non-Compete Agreement (the "Non-Compete Agreement") entered into between the parties in February 2013. (Non-Party Objection and Mot. to Quash Subpoena ("Mot. to Quash") Ex. A.) More specifically, Tire Waste asserts that

OmniSource breached the Non-Compete Agreement by disclosing Tire Waste's proprietary information or competing against it in the provision of tire or bead wire from recycled tires using the same or similar mechanical process as Tire Waste. (Mot to Quash Ex. A.)

### B. *The Instant Dispute*

Tire Waste asserts that after it filed suit against OmniSource, it "learned of IMP's existence"; "discovered that OmniSource had an ongoing business relationship with IMP, and possibly an ownership interest as well"; and "that IMP is unquestionably working with OmniSource to process tire wire from recycled tires, and has been at least since 2013." (Resp. 2.) It contends that the "relationship is relevant to OmniSource's motivation for its actions toward Tire Waste during 2013; to OmniSource's breach of its contracts with Tire Waste; and to the determination of Tire Waste's damages resulting from OmniSource's misconduct." (Resp. 2.)

On this premise, Tire Waste issued a non-party subpoena to IMP in February 2015, seeking the production of certain categories of documents and an inspection of IMP's equipment capable of producing tire or bead wire from recycled tires. The document categories at issue are: (1) all communications relating to Lloyd Linton, Tire Waste's owner and president; (2) all documents relating to IMP's provision of tire or bead wire from recycled tires for OmniSource; its parent company, Steel Dynamics, Inc. ("SDI"); and any subsidiaries of either entity; and (3) all of IMP's contracts with OmniSource, SDI, or any subsidiaries of either entity.[4] (Mot. to Quash Ex. C.)

IMP moves to quash the subpoena on the basis that it seeks irrelevant information; poses

---

[4] Tire Waste identified eight categories of documents in the subpoena, but IMP states that it has no responsive documents for five of the categories. Therefore, as a practical matter, only three categories are at issue.

an undue burden; and requires disclosure of protected, confidential, commercial or trade secret information.

## C. Applicable Legal Standard

Federal Rule of Civil Procedure 45(a) permits the issuance of a subpoena to produce documents and other tangible things in the custody or control of a person. *See, e.g.*, *Richter v. Mut. of Omaha Ins. Co.*, No. 06-Misc.-011, 2006 WL 1277906, at *2 (E.D. Wis. May 5, 2006). "The scope of discovery obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Id.*; *accord Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002). In that regard, Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense." "Information is relevant for purposes of Rule 26 'if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Richter*, 2006 WL 1277906, at *2 (quoting Fed. R. Civ. P. 26(b)(1)).

Under Rule 45, a court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). And a court may quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i); "the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(C)(iii); or it requires "disclosing a trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 45(d)(3)(B)(i).

The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome, or not relevant. *Graham*, 206 F.R.D. at 254; *see Illiana Surgery &*

*Med. Ctr. LLC v. Hartford Fire Ins. Co.*, No. 2:07 cv 3, 2012 WL 776694, at *3 (N.D. Ind. Mar. 7, 2012) ("[T]he party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." (citation omitted)); *Pettit v. City of Columbus*, No. 104-cv-1464, 2005 WL 2218373, at *1 (S.D. Ind. Sept. 9, 2005). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *Sullivan v. Gurtner Plumbing, Inc.*, No. 11-cv-6261, 2012 WL 896159, at *1 (N.D. Ill. Mar. 13, 2012) (citing *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992)).

### D. Discussion

In support of its motion to quash, IMP first argues that the subpoena seeks irrelevant information and is overly broad and unduly burdensome. More specifically, IMP emphasizes that its contractual relationship is solely with SDI, *not* OmniSource; and the relationship has been in existence since 2012, *before* Tire Waste ever entered into the Non-Compete Agreement with OmniSource. (Bengali Aff. ¶¶ 2, 4.) As such, IMP argues that the subpoena seeks information irrelevant to the underlying dispute between Tire Waste and OmniSource, and urges that Tire Waste, its aspiring competitor, is simply on a "fishing expedition" to gain IMP's proprietary business information. *See Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2009 WL 4232693, at *4 (N.D. Ill. Nov. 24, 2009) (collecting cases) ("[D]iscovery is not to be used as a fishing expedition." (quoting *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971-72 (7th Cir. 1996)).

Indeed, Tire Waste appears to be seeking this subpoena solely for the reason that OmniSource is wholly owned by SDI. But OmniSource and SDI are separate legal entities, Tire

7

Waste has not named SDI as a defendant in the underlying suit, and the Non-Compete Agreement on its face is solely between Tire Waste and OmniSource, never mentioning subsidiaries or affiliates. (Mot. to Quash Ex. 1.) Furthermore, Tire Waste's suspicion that OmniSource may have an ownership interest in IMP is defied by the record; IMP produced the affidavit of Abid Bengali stating that he or his wife has wholly owned IMP since its organization in 2012. (Bengali Aff. ¶¶ 1, 3.)

Nevertheless, under the broad standard of discovery, at least some of the information requested by the subpoena could be relevant to the underlying suit. *See Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (Relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." (citation omitted)). For example, communications between IMP and OmniSource "that relate in any way to Lloyd Linton," the president and owner of Tire Waste (Mot. to Quash Ex. C), could reasonably lead to other matters that could bear on an issue in the underlying case.

But even if some of the requested documents are relevant, Tire Waste has failed to convincingly explain why it cannot obtain the documents directly from OmniSource rather than from non-party IMP. Tire Waste merely represents that "OmniSource has not produced [the requested] documents despite having been served with document requests nearly two months ago." (Mot. to Quash 8.) But Tire Waste does not suggest that it filed a motion to compel OmniSource to respond to outstanding the discovery requests, or that OmniSource has responded that it does not have the documents.

"[I]t has been consistently held that 'non-party' status is a significant factor to be

8

considered in determining whether the burden imposed by a subpoena is undue." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013). "A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents." *Arthrex, Inc. v. Parcus Med., LLC*, No. 1:11-mc-00107, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011); *see Morrow v. Air Ride Technologies, Inc.*, No. IP-05-113, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006) (requiring party to show that it could not obtain documents from its adversary before permitting the party to burden a non-party to produce the same documents).

Moreover, IMP's second argument in support of the motion to quash is even more persuasive. The subpoena requests IMP's proprietary and confidential information, but Tire Waste has not made the requisite "strong showing of need" to compel the disclosure of such information. *Suture Express, Inc. v. Cardinal Healthy 200, LLC*, No. 14-cv-4737, 2014 WL 6478077, at *6 (N.D. Ill. Nov. 18, 2014).

In that regard, Tire Waste wants to inspect IMP's equipment that produces tire or bead wire from recycled tires. But Tire Waste and IMP are competitors, or at least aspiring competitors. *See Ultimate Timing v. Simms*, No. 3:09-mc-6, 2009 WL 1148056, at *1 (S.D. Ind. Apr. 28, 2009) ("[I]n a circumstance involving direct competitors, caution must be used in pre-litigation discovery devices to limit the potential that discovery directed to non-parties is used for the improper purpose of obtaining proprietary information of the competitor.").

In fact, in December 2014, Tire Waste informed IMP that it was in the process of patenting its tire wire processing operations and warned IMP against infringement. (Mot. to Quash Ex. E.) Thus, clearly the recycling processes employed by these two entities constitutes

9

proprietary and confidential information. *See Cont'l Auto. Sys. v. Omron Auto. Elecs.*, No. 1:14-cv-3731, 2014 WL 2808984, at *3 (N.D. Ill. June 20, 2014) ("One can imagine no more harmful type of disclosure of technical information of the type sought here than to a direct competitor. It's a blatantly obvious point."). For that same reason, IMP's documents and contracts relating to its tire or bead wire processes are proprietary and confidential.

Accordingly, Tire Waste must make a "strong showing of need" to obtain the requested information. *Suture Express,* 2014 WL 6478077, at *6 ("[A] party requesting disclosure of confidential information must make a strong showing of need, especially when confidential information from a nonparty is sought."); *see also Crissen v. Gupta*, No. 2:12-cv-355, 2014 WL 1414562, at *1 (S.D. Ind. Apr. 14, 2014). But Tire Waste has not done so. As stated earlier, Tire Waste has failed to convincingly explain why it cannot obtain the requested documents directly from OmniSource to explore its speculations that "OmniSource had an ongoing relationship with IMP, and possibly an ownership interest as well." (Resp. Br. 2.) Nor has Tire Waste shown how IMP's contractual relationship with SDI, a separate legal entity not named in the underlying dispute, is relevant.

Therefore, for these reasons, IMP's motion to quash will be GRANTED.

### III. CONCLUSION

For the foregoing reasons, the Non-Party Objection and Motion to Quash Subpoena (DE # 1) is GRANTED. The Motion to Strike (DE # 17) is deemed MOOT.

SO ORDERED. Enter for this 14th day of April 2015.

/s Susan Collins
Susan Collins,
United States Magistrate Judge